**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF GEORGIA**
**MACON DIVISION**

| | |
|---|---|
| SHARON MCBRIDE & THOMAS MCBRIDE, <br><br> Plaintiffs, <br><br> v. <br><br> BANK OF AMERICA, N.A. <br><br> Defendant. | Civil Action No. 5:08-CV-00393 (HL) |

## ORDER

Before the Court is the Defendant's Motion for Summary Judgment. (Doc. 32). For the following reasons, the Defendant's Motion is granted.

## I. PROCEDURAL HISTORY

In this diversity case, Plaintiffs Sharon McBride and Thomas McBride seek to hold Defendant Bank of America, N.A. liable for injuries Sharon McBride sustained when she tripped and fell in the parking lot of a Bank of America branch office located at 1250 Gray Highway, Macon, Georgia.

On October 12, 2006, Thomas McBride dropped Sharon McBride off in front of Defendant's bank to cash a check. (S. McBride Dep. at 35). There is no dispute that Sharon McBride was a customer of the Defendant's bank the day of the accident. (S. McBride Dep. at 34).

Sharon McBride described the day of the accident as a "nice, bright, sunny day." (S. McBride Dep. at 44). As Sharon McBride exited the bank and proceeded down the paved walkway, she stepped off a curb and into an opening in a storm drain. (S. McBride Dep. at 51). The storm drain is a two-foot by two-foot brown drain in the Defendant's parking lot. (Gross Dep. at 14). Sharon McBride admitted that she stepped off the curb without looking, causing the heel of her shoe to get caught in an opening in the drain and subsequently causing her to fall. (S. McBride Dep. at 79-80).

Sharon McBride was offered an ambulance by the bank manager, but refused medical treatment and returned home. (S. McBride Dep. at 36). She first visited a doctor a week after falling in the bank parking lot. (S. McBride Dep. at 37).

On October 9, 2008, the McBrides filed their complaint in the State Court of Bibb County. On November 13, 2008, Defendant filed a joint notice of removal, pursuant to 28 U.S.C. §§ 1441, 1446, to this Court. The Defendant moved for summary judgment, arguing that as a matter of law Sharon McBride was an invitee and it did not breach the duty of care owed to her as an invitee.

## II. ANALYSIS

### a. Summary Judgment Standard

Summary Judgment must be granted if "the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no

2

genuine issue as to any material facts and that the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c). In ruling on a defendant's motion for summary judgment, the court takes the facts in the light most favorable to the non moving party. Stanley v. City of Dalton, 219 F.3d 1280, 1287 (11th Cir. 2000). The court may not, however, make credibility determinations or weigh the evidence. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 255, 106 S. Ct. 2505, 91 L.Ed.2d 202 (1986).

The initial burden lies on the movant to demonstrate that the nonmovant lacks evidence to support an essential element to its claim. Lowe v. Aldridge, 958 F.2d 1565, 1569 (11th Cir. 1992). The burden then shifts to the nonmovant, who must come forward with some evidence that would allow a jury to find in his favor, even if the parties dispute that evidence. Id. If the evidence that the nonmovant presents, however, is "not significantly probative" or "merely colorable," then summary judgment may be granted. Liberty Lobby, 477 U.S. at 249.

### b. Georgia Premises Liability Standard

Under Georgia law, "[w]here an owner or occupier of land, by express or implied invitation, induces or leads others to come upon his premises for any lawful purpose, he is liable in damages to such persons for injuries caused by his failure to exercise ordinary care in keeping the premises and approaches safe." O.C.G.A. § 51-3-1. In this case, the parties do not dispute that Sharon McBride was a customer at Defendant's

3

bank, rendering her an invitee. In order to prevail on a premises liability claim an invitee must prove that 1) the owner had actual or constructive knowledge of the hazard, and 2) the plaintiff lacked knowledge of the hazard despite exercising ordinary care. Jackson v. Waffle House Inc., 537 S.E.2d 188, 191 (Ga. Ct. App. 2000). The McBrides have failed to demonstrate there are genuine issues of material fact as to whether Defendant had knowledge of the hazardous condition and whether Sharon McBride exercised ordinary care.

### c. Knowledge

"[F]ailure to discover a defect through the exercise of reasonable care in inspecting the premises gives rise to constructive knowledge of the dangerous condition where the owner or occupier had an opportunity to discover the dangerous condition and remedy it." Cocklin v. JC Penny Corp., 674 S.E.2d 48, 51-52 (Ga. Ct. App. 2009) (citation omitted). However, if the dangerous condition is static and "nothing obstructs the invitee's ability to see the static condition, the proprietor may safely assume that the invitee will see it and will realize any associated risks." Becton v. Tire King of N. Columbus Inc., 539 S.E.2d 551, 553 (Ga. Ct. App. 2000) (citation omitted).[1] Furthermore, "[a] proprietor need not

---

[1] A static condition is one that does not change and is dangerous only if someone fails to see it and walks into it. Thomas v. Exec. Comm. of the Baptist Convention, 585 S.E.2d 217, 220 (Ga. Ct. App. 2003). A curb in restaurant parking lot, from which plaintiff fell and broke her ankle, was

4

inspect for every theoretically possible hazard when no reason appears for doing so." Parks-Nietzold v. J.C. Penny Inc., 490 S.E.2d 133, 135 (Ga. Ct. App. 1997).

Sharon McBride's expert, Jeffrey Gross ("Mr. Gross"), testified that the storm drain should have been placed perpendicular to the direction of pedestrian travel and the holes in the drain were too wide and unsafe for persons in heels to walk over. (Gross Dep. at 46). [2] He also testified that the placement of the storm drain in a foreseeable pedestrian path was inappropriate. (Id.) Mr. Giles noted that changing the color of the storm drain from brown to yellow or white would contrast the storm drain from the parking lot and would make the drain easier to see and safer for pedestrians in the parking lot. (Gross Dep. at 82). The Defendant argues that the storm drain was strategically placed in the lowest point of the parking lot to allow proper water drainage and that there have never been any code violations regarding the storm drain. (Jones Dep. at 37).

The Defendant noted that it lacked knowledge of the allegedly hazardous conditions caused by the storm drain because it never received

---

found to be a static condition, and therefore plaintiff could not recover on her negligence claim against restaurant. Bonner v. Southern Restaurant Group Inc., 610 S.E.2d 129, 133 (Ga. Ct. App. 2005).
[2] Mr. Gross previously worked for Marriott Hotels as an area loss prevention manager. (Gross Dep. at 21). He was responsible for the reduction of hazardous conditions in order to reduce risks. (Id.) He was responsible for 350 Marriott accounts in seven states. (Gross Dep. at 21-22).

5

a complaint about the storm drain and it never received a citation for a code violation regarding the drain. (Id.) The storm drain was in the same location for 35 years and was in compliance with City of Macon code ordinances and passed annual inspections. (Jones Dep. at 36). There was no defect with the storm drain and it never before caused anyone to complain to it for an injury. (Jones Dep. at 37). The Defendant also argues that it lacked knowledge about the allegedly hazardous condition of the storm drain because it was a static condition and only posed a threat if an invitee failed to take ordinary precaution.

In this case, Sharon McBride has not shown that the Defendant had actual or constructive knowledge of the allegedly hazardous conditions caused by the storm drain. Furthermore, it is undisputed that the storm drain was a static condition and that Sharon McBride's view of it on the day of the accident was unobstructed. Therefore, the Defendant could assume that Sharon McBride would see the risks of stepping onto the storm drain. Because there is no genuine issue of fact as to whether Defendant had actual or constructive knowledge of any alleged defect, summary judgment must be granted to Defendant.

**d. Ordinary Care**

Summary judgment must also be granted to Defendant on the basis that the McBrides failed to create a genuine dispute of fact as to whether Sharon McBride exercised ordinary care. "An invitee's failure to exercise

6

ordinary care is not established as a matter of law by the invitee's admission that [she] did not look at the site on which [she] placed [her] foot or that [she] could have seen the hazard had [she] visually examined the floor before taking the step that led to her downfall." Ward v. Autry Petroleum Co., 637 S.E.2d 483, 487 (Ga. Ct. App. 2006). "Rather, the issue is whether, taking into account all the circumstances existing at the time and place of the fall, the invitee exercised the prudence an ordinarily careful person would use in a like situation." Id. at 487-488 (citation omitted). "Occupiers of premises whereon the public is invited to come are not required to keep their parking lots and other such areas free from irregularities and trifling defects. One coming upon such premises is not entitled to an absolutely smooth or level way of travel." Wright v. JDN Structured Finance Inc., 522 S.E.2d 4, 6 (Ga. Ct. App. 1999) (citation omitted).

A court is directed to look at all the circumstances that existed at the time and place of the fall to determine if the plaintiff used ordinary care. Ward, 637 S.E.2d at 487. In this case, Sharon McBride admittedly stepped from the curve without looking at the ground beneath her. (S. McBride Dep. at 79-80). She described the day as bright and sunny, but alleged that the drain was covered by debris and hidden because of its color. (Amended Compliant, ¶ 5). However in her deposition, Sharon McBride did not identify any obstacles that prevented her ability to see the

7

storm drain had she looked where she was walking. (S. McBride Dep. at 80). Sharon McBride relies on the testimony of Mr. Giles that the storm drain could have been placed in a safer location and should have been painted a different color to help distinguish the drain from the parking lot; however, this testimony does not rebut the fact that she stepped from the curb without looking or using ordinary care. Sharon McBride argues that she was under no duty to continuously scan the ground looking for defects. (Pls. Res. Br. at 10). However, "it has repeatedly been held that a hazard which was not seen by the invitee before the fall, but could have been seen by the invitee had the invitee looked at the floor is a "plainly visible defect" in "plain view," and the failure of the invitee to see such a hazard bars recovery." Robinson v. Kroger Co., 493 S.E.2d 403, 410 (Ga. Ct. App. 1995) (citation omitted).

Viewing these facts as true, as the Court must on summary judgment, the Court finds that as a matter of law there are no facts that render the Defendant liable for Sharon McBride's injuries. There is a heightened duty imposed on invitees to appreciate open and obvious dangers, and summary judgment will be granted absent a showing to the contrary. Pirkle v. Robson Crossing, LLC, 612 S.E.2d 83, 85 (Ga. Ct. App. 2005) (court upheld summary judgment when the plaintiff failed to avoid open and obvious hazardous condition of curb). It is undisputed that Sharon McBride stepped from the curb without looking where she was

walking causing the heel of her shoe to get stuck in a storm drain. (S. McBride Dep. at 79-80). Taking the sunny conditions and time of day into consideration there is no genuine issue that an invitee using ordinary care would have appreciated the open and obvious nature of the storm drain. The McBrides have failed to create a genuine issue of material fact as to whether the Defendant breached its duty of care owed to Sharon McBride. Summary judgment must therefore be granted to the Defendant on the McBrides' negligence claim.

### e. Loss of Consortium Claim

Summary judgment must also be granted to the Defendant on Thomas McBride's loss of consortium claim. Thomas McBride's claim is a derivative claim, stemming from Sharon McBride's personal injury claim. "One spouse's right of action for the loss of the other's consortium is a derivative one, stemming from the right of the other." White v. Hubbard, 416 S.E.2d 568, 570 (Ga. Ct. App. 1992) (quotations and citation omitted).

If one spouse's personal injury claim fails then the spouse's loss of consortium claim also fails. Id. In this case, since the Defendant is not liable to Sharon McBride for her injuries, it is also not liable to Thomas McBride for loss of consortium.

## VI. CONCLUSION

For the explained reasons, the Defendant's Motion for Summary Judgment (Doc. 32) is granted. All other pending motions are denied as

9

moot.

**SO ORDERED,** this the 17th day of June, 2010.

*s/ Hugh Lawson*
**HUGH LAWSON, SENIOR JUDGE**

SPO